FILED
United States Court of Appeals
Tenth Circuit

March 7, 2014

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ANTONIO DON MILTON,

      Petitioner - Appellant,

v.

DAVID MILLER,

      Respondent - Appellee.

No. 12-6187

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA
(D.C. No. 5:10-CV-01367-F)**

John T. Carlson, Assistant Federal Public Defender (Warren R. Williamson, Interim Federal Public Defender, with him on the briefs), Denver, Colorado, for Petitioner-Appellant.

Keeley L. Miller, Assistant Attorney General (E. Scott Pruitt, Attorney General of Oklahoma, with her on the brief), Oklahoma City, Oklahoma, for Respondent-Appellee.

Before **BRISCOE,** Chief Judge, **EBEL** and **KELLY**, Circuit Judges.

**BRISCOE**, Chief Judge.

    Appellant Antonio Milton is an Oklahoma state prisoner serving a life sentence without parole for drug-trafficking-related convictions. After exhausting

his state court remedies, Milton filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging, in relevant part, that his counsel on direct appeal was ineffective for failing to assert a claim of ineffective assistance of trial counsel, specifically that Milton's trial counsel failed to inform Milton of a favorable pretrial plea offer. The district court denied Milton's petition, but we granted Milton a certificate of appealability to challenge the district court's ruling on the ineffective assistance of appellate counsel claim. Now, exercising our appellate jurisdiction under 28 U.S.C. § 1291, we conclude that the Oklahoma state courts' resolution of Milton's ineffective assistance claim cannot survive scrutiny under 28 U.S.C. § 2254(d)(1), and that unresolved issues of fact prevent us from completing our own de novo review of the claim. Consequently, we reverse and remand to the district court with directions to conduct an evidentiary hearing on, and to subsequently review on the merits, Milton's ineffective assistance of appellate counsel claim.

I

*Milton's state court proceedings*

On May 22, 2007, Milton was arrested as he attempted to flee a suspected drug house in the northeast part of Oklahoma City, Oklahoma. Milton was found to be in possession of a key that fit two locks on the back door of the residence. Parked outside of the residence was an automobile that was registered to Milton and that contained a loaded firearm on the front console, a quantity of marijuana,

2

and a utility bill for the residence. The officers also found papers belonging to Milton in one of the bedrooms in the residence.

Milton's suspected involvement with the drug house led to him being charged in the District Court of Oklahoma County, Oklahoma, Case No. CF-2007-3113, with seven criminal counts. At a pretrial hearing held on June 2, 2008, the trial judge discussed the possibility of a plea bargain and stated on the record that Milton "had the opportunity to plead guilty and receive 23 years on [the pending charges], prior to preliminary hearing and he turned that down." Aplt. Br., Att. 2, Tr. at 16. Milton's trial counsel at the time of the pretrial hearing, Mike Arnett,[1] responded:

> "My client has told me that that is the first he ever heard of the 23-year offer that was made in [2007]. As neither Mr. Albert [co-defense-counsel] nor myself were his attorneys at the time, we have no way of verifying that but just for the record, he asked that I advise the Court that this is the first he's heard about it today, is that correct, Mr. Milton?"

Id. Milton responded, "Yes." Id. The prosecutor at the time of the pretrial hearing, Ashley Altshulter, asked if he "c[ould] address that just to clear that up."

Id. Altshulter continued,

> "I'm just reading the notes of Josh McGoldrick[, the former prosecutor in the case]. It is in our file I believe on August 2nd of [20]07, [Milton] was represented by Joe Reynolds and Mr. McGoldrick offered 25 on Possession With Intent with all other

---

[1] According to the record, Milton was represented by five different attorneys during the course of his state court proceedings in Case No. CF-2007-3113.

3

counts to run concurrent and then also to run concurrent with the 20 on the CF-07-3076 case [another criminal case, involving a drive-by shooting, that was pending at that time against Milton in the District Court of Oklahoma County]. It was before prelim."[2]

Id. The trial judge responded, "Okay. Well, that's water under the bridge because the State's not making that offer today. Today the State has offered 40 [years] to do and I think that the last offer that I heard was concurrent with 18 [years] to do in the Drive-By Shooting." Id., Tr. at 16-17. The trial judge then discussed the existing plea offer with Milton and confirmed that Milton did not "want to do that." Id., Tr. at 17.

Milton's drug-related case (Case No. CF-2007-3113) proceeded to trial and, on June 4, 2008, a jury convicted Milton of four of the pending counts: trafficking in cocaine base after two or more previous felony convictions, possession of a firearm after two or more previous felony convictions, possession of drug paraphernalia, and possession of a controlled dangerous substance (marijuana) after two or more previous felony convictions. The trial court, in accordance with the jury's recommendations, sentenced Milton to life imprisonment without parole on the trafficking conviction, life imprisonment with the possibility of parole on the possession of firearm conviction, one year of imprisonment on the drug paraphernalia conviction, and ten years' imprisonment on the possession of a

---

[2] The record on appeal indicates that a "preliminary hearing conference" was held in Case No. CF-2007-3113 on August 2, 2007. ROA, Vol. 1, Part 2 at 255-56.

controlled-dangerous-substance conviction, with all sentences to be served consecutively to one another.

Milton, represented by a new attorney, Katrina Conrad-Legler, filed a direct appeal raising seven propositions of error. On May 26, 2009, the Oklahoma Court of Criminal Appeals (OCCA) issued an unpublished opinion affirming Milton's convictions and sentences.

On or about August 19, 2010, Milton filed a pro se application for state post-conviction relief, and an accompanying request for an evidentiary hearing, with the District Court of Oklahoma County. Milton argued, in pertinent part, that his appellate counsel rendered ineffective assistance by failing to assert on direct appeal that Milton's trial counsel was ineffective for failing to inform Milton of a plea-bargain offer made by the prosecution prior to the preliminary hearing.

The State of Oklahoma filed a brief in opposition to Milton's application for post-conviction relief. Attached to that opposition brief was an affidavit from Jacob Benedict, the assistant public defender who purportedly represented Milton at the time of the preliminary hearing in Case No. CF-2007-3113.[3] Benedict's

---

[3] Milton's application identified his trial counsel as Joe Reynolds. According to the record, Reynolds was a private attorney and the first to represent Milton in Case No. CF-2007-3113. Reynolds apparently did not, however, represent Milton either at the preliminary hearing conference conducted on August 2, 2007, or the preliminary hearing conducted on October 30, 2007. Instead, it appears that Milton was represented at those points by Benedict.

affidavit alleged, in pertinent part, as follows:

> 3.     Originally, the State offered a plea agreement that would have provided for Mr. Milton to be sentenced to a term of twenty years imprisonment on a lesser offense in CF-2007-3113 to be served concurrently with Case No. CF-2007-3076 in exchange for his pleas of guilty in both cases.  This offer would expire, however, upon the conduct of a preliminary hearing.  I communicated this offer to Mr. Milton.  Mr. Milton rejected the offer of twenty years imprisonment and requested that he be given a preliminary hearing on the charges in CF-2007-3113.

> 4.     On October 30, 2007, Mr. Milton was scheduled for preliminary hearing . . . in Case No. CF-2007-3113.  Prior to the start of preliminary hearing, the State offered a plea agreement that would have provided for Mr. Milton to be sentenced to a term of twenty years imprisonment on a lesser offense in CF-2007-3113 to be served concurrently with Case No. CF-2007-3076 in exchange for his pleas of guilty in both cases.  The crime alleged in CF-2007-3076 was an 85 percent crime.

> 5.     Prior to the start of preliminary hearing on October 30, 2007, I along with attorney Joe Reynolds, counsel for Mr. Milton in CF-2007-3076, met with Mr. Milton.  At that time, the State's offer of twenty years imprisonment was conveyed to Mr. Milton.  It was explained to Mr. Milton that this offer would be withdrawn if he proceeded with preliminary hearing.  Mr. Milton rejected the State's offer and preliminary hearing was conducted.

Id., Vol. 1, Part 2 at 378.

Milton filed a reply brief arguing, in pertinent part, that "a comparison of [Benedict's] Affidavit, [sic] to the actual trial transcripts of Case No. CF-2007-3113, w[ould] clearly contradict and nullify certain material parts of the information contained in [the] Affidavit.  For example, none of the dates and none of the sentences . . . mentioned in the Affidavit corresponds with the relevant date

6

of 'August 2, 2007' or to the relevant 'plea offer of 23-years, or even 25-years' as was referred to or mentioned in 'Sub-Proposition A' or as in the trial transcripts." ROA, Vol. 1, Part 1 at 187-88.

On October 21, 2010, the state district court denied Milton's application for post-conviction relief. In doing so, the state district court held that "[i]n order to maintain a successful claim of ineffective assistance of appellate counsel, [Milton had to] show he ha[d] suffered a prejudice so serious as to undermine confidence in the direct appeal process." Id. at 52. In turn, the state district court concluded that "[t]here [wa]s nothing in the record which indicate[d] that appellate counsel's performance rendered the result unreliable or the proceeding fundamentally unfair." Id. at 53.

Milton appealed from the state district court's denial of his application for state post-conviction relief. On January 24, 2011, the OCCA affirmed the state district court's decision. The OCCA had this to say about Milton's claim of ineffective assistance of appellate counsel:

> [I]n order to prevail on his claim of ineffective assistance of appellate counsel, [Milton] must establish counsel made errors so serious the performance was deficient, and that the deficient performance deprived him of an appeal whose results are reliable and fair. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984). The fact appellate counsel fails to recognize or raise a claim, regardless of merit, is not sufficient alone to establish ineffective assistance of counsel, or to preclude enforcement of a procedural default. Id. We FIND [Milton] has not established appellate counsel's performance was deficient, or that the result of his appeal was not reliable and fair.

7

Id., Vol. 1, Part 2 at 235-36.

*Federal habeas proceedings*

On December 20, 2010, Milton filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. As he did in his application for state post-conviction relief, Milton alleged, in pertinent part, that

> appellate counsel, Katrina Conrad-Legler, rendered ineffective assistance by failing to raise in [his] direct appeal the following sub-proposition[] of trial counsel's deficiencies: . . . trial attorney, Joe Reynolds, rendered ineffective assistance by failing to inform [Milton] of a (pre-preliminary hearing_ plea-bargain offer of 23 years on all counts until the day set for trial, and well after the plea offer had been withdrawn.

ROA, Vol. 1, Part 1 at 23 (capitalization in original omitted).

On February 10, 2012, the magistrate judge assigned to the case issued a report and recommendation recommending that Milton's petition be denied. With respect to Milton's claim of ineffective assistance of appellate counsel, the magistrate judge concluded, after reviewing the affidavit from assistant public defender Jacob Benedict, that "the underlying claim of ineffective trial counsel [wa]s without merit," and that Milton therefore "c[ould not] demonstrate that [his] appellate counsel was ineffective for failing to raise trial counsel's ineffective representation." Id., Vol. 1, Part 2 at 258. More specifically, the magistrate judge stated as follows:

> In his affidavit, Mr. Benedict avers that the State initially offered [Milton] a plea agreement that included a sentence of 20 years imprisonment on a lesser charge in CF 2007-3113, to run

8

concurrently with an equal sentence in Case No. 2007-3076 [the drive-by shooting case], in return for his guilty plea in both cases which offer would expire once a preliminary hearing was conducted. Mr. Benedict states that he communicated the offer to [Milton], but that [Milton] rejected the offer and requested a preliminary hearing. Mr. Benedict states further that on October 30, 2007, prior to the beginning of the preliminary hearing which was scheduled for that day, the State again offered the same plea agreement. According to Mr. Benedict's affidavit, both he and Mr. Reynolds [purportedly Milton's counsel in the drive-by shooting case] met with [Milton] and told him about the State's plea offer, explaining that the offer would be withdrawn if the preliminary hearing was conducted. Upon [Milton]'s rejection of the offer, the preliminary hearing was held. See Response, Ex. 9, Att. 3.

In his Reply, [Milton] asserts, without further explanation, that the plea offer "discussed by Respondent in 'Proposition 5(A),' pp.42-45 of his response is not the same plea offer complained of in 'Sub-Proposition (A) of Ground 8' of [Milton]'s habeas petition." Reply at 12. [Milton] does not, however, deny Mr. Benedict's sworn statement that a plea agreement offering 20 years in prison in exchange for his guilty pleas was communicated to and rejected by [Milton] on two occasions prior to the preliminary hearing. Assuming that [Milton]'s claim is based on a different offer of 23 years in prison in exchange for his guilty plea which was not communicated to him until the day of trial, such claim would not support an ineffective counsel claim. Having failed to deny Mr. Benedict's sworn statement that he had twice rejected an earlier 20 year plea offer, [Milton] cannot demonstrate any prejudice resulted from counsel's alleged failure to communicate a less favorable offer. See Strickland, 466 U.S. at 687. The undersigned notes further that [Milton] in open court rejected the State's offer on the day of trial of 40 years to run concurrently with 18 years on the drive-by shooting case. T Tr. Vol. 1 at 17-18. Because the underlying claim of ineffective trial counsel is without merit, [Milton] cannot demonstrate that appellate counsel was ineffective for failing to raise trial counsel's ineffective representation. Thus, the OCCA's denial of this claim of ineffective appellate counsel was neither contrary to nor an unreasonable application of Strickland, nor an unreasonable determination of the facts in light of the evidence before it. It is therefore recommended that this ground for habeas relief be denied.

9

Id. at 257-58.

Milton filed written objections to the magistrate judge's report and recommendation. Milton conceded that he was offered a twenty-year sentence in the drive-by shooting case (Case No. 2007-3076), id. at 320-21, but he alleged that "was the only plea offer discussed with [him] prior to his October 30, 2007 preliminary hearing."[4] Id. at 321. And, Milton alleged, "[t]he only plea offer discussed in Case No. CF-2007-3113 was the forty (40) year plea offer made on the day of trial (June 2, 2008) and [he] turned down [that] offer on the advice of counsel, Mr. Arnett." Id. Consequently, Milton asserted that "[i]n his sworn affidavit, Mr. Benedict [wa]s either lying about the none-existing [sic] twenty (20) year plea offer in Case No. CF-2007-3113, or he ha[d] Case No. CF-2007-3113 confused with Case No. CF-2007-3076 [the drive-by shooting case] . . . ." Id. at 321-22 (internal citations omitted).

Milton also conceded in his written objections that he may have been confused as to which attorney was representing him in Case No. CF-2007-3113. Specifically, Milton alleged that the "preliminary hearings in both cases . . . were held simultaneously, before the same judge . . . and [he] was being represented simultaneously by both Mr. Jacob Benedict and Mr. Joe Reynolds." Id. at 323. "[B]ecause both defense attorneys were simultaneously assisting each other,"

_____

[4] According to Milton's reply brief, he rejected that plea offer and the drive-by shooting case was ultimately dismissed for lack of prosecution. ROA, Vol. 1, Part 2 at 321 n.15.

10

Milton alleged, "it should be understandable how [he] might be confused as to which of the two attorneys . . . had the duty to advise[] him of the pre-preliminary hearing plea offer in Case No. CF-2007-3113." Id. In any event, Milton argued, "[t]he real issue" was that no one "informed [him] of any pre-preliminary hearing plea offer in Case No CF-2007-3113, and as a direct result, rather than serving a twenty-five (25) year sentence with all counts running concurrently, [he] [wa]s now serving" substantially longer sentences and was therefore "prejudiced by trial counsel's failure to timely inform him of the State's pre-preliminary hearing plea offer of twenty-five (25) years in Case No. CF-2007-3113." Id.

Finally, Milton argued in his written objections that "because there was some confusion as to what and when, Mr. Jacob Benedict or Mr. Joe Reynolds did, or did not advise Petitioner of, regarding the State's plea offer in Case No. CF-2007-3113 . . . , it [wa]s error for [the magistrate judge] to recommend the denial of this habeas issue without granting [Milton] his requested evidentiary hearing." Id. at 325.

On July 11, 2012, the district court issued a two-page order accepting, adopting and affirming the magistrate judge's report and recommendation in its entirety. The order did not expressly address any of the objections raised by Milton. The order also concluded that Milton was not entitled to a certificate of appealability (COA). Judgment was entered in the case that same day.

Milton filed a notice of appeal on July 24, 2012. He subsequently filed a

11

pro se application for COA with this court. We granted Milton a COA with respect to his ineffective assistance claim. In doing so, we stated, in relevant part:

> Construing Petitioner's pro se filings liberally, we conclude that reasonable jurists could debate the magistrate judge's conclusion that Petitioner conceded the truth of defense counsel's affidavit. Moreover, contrary to the State's arguments, we cannot simply assume the credibility of defense counsel and accept his affidavit over Petitioner's sworn assertions based on the fact that he is an attorney. Rather, counsel's affidavit simply creates a dispute of fact which has never been explicitly resolved by any court and which the record is inadequate to resolve. Indeed, the record provides more support for Petitioner's assertions than it does for defense counsel's.
>
> * * *
>
> We conclude that reasonable jurists could debate the merit of Petitioner's claim of ineffective assistance based on the counsel's alleged failure to inform him of the plea offer. We also conclude that reasonable jurists could debate whether Petitioner is entitled to an evidentiary hearing to develop the facts supporting this claim.

Order at 5-6. Along with granting Milton a COA, we also appointed counsel to represent Milton on appeal. Appointed counsel has since filed a supplemental opening brief, as well as a supplemental reply brief to respondent's response brief.

## II

### *Standard of review*

Because Milton's habeas petition was filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), we are bound

12

by AEDPA's standards of review.  See Snow v. Sirmons, 474 F.3d 693, 696 (10th Cir. 2007) (holding that AEPDA applies to § 2254 habeas petitions filed after its effective date).

Under AEDPA, the standard of review applicable to a particular claim depends upon how that claim was resolved by the state courts.  Id.  If a claim was addressed on the merits by the state courts, our standard of review is governed by 28 U.S.C. § 2254(d), which provides as follows:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"When reviewing a state court's application of federal law" under 28 U.S.C. § 2254(d), "we are precluded from issuing the writ simply because we conclude in our independent judgment that the state court applied the law erroneously or incorrectly."  McLuckie v. Abbott, 337 F.3d 1193, 1197 (10th Cir. 2003).  "Rather, we must be convinced that the application was also objectively unreasonable."  Id.  "This standard does not require our abject deference, but

13

nonetheless prohibits us from substituting our own judgment for that of the state court." Snow, 474 F.3d at 696 (internal quotation marks and citation omitted).

> *Was the OCCA's decision contrary to, or an unreasonable application of, clearly established federal law?*

Milton argues on appeal that the OCCA's resolution of his ineffective assistance of appellate counsel claim was contrary to, or an unreasonable application of, clearly established federal law. In turn, Milton argues, he is entitled to a federal evidentiary hearing to resolve his claim. We proceed to address these arguments in turn.

*a) The clearly established law applicable to Milton's claim*

Milton correctly identifies Strickland v. Washington, 466 U.S. 668 (1984) as the clearly established federal law applicable to his ineffective assistance of appellate counsel claim. See Smith v. Robbins, 528 U.S. 259, 285 (2000) (holding that "the proper standard for evaluating [a] claim that appellate counsel was ineffective . . . is that enunciated in Strickland"). In Strickland, the Supreme Court held that "[a] convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components." 466 U.S. at 687. "First," the Court noted, "the defendant must show that counsel's performance was deficient." Id. In the context of an appellate counsel claim, this means "that [appellate] counsel unreasonably failed to discover [a] nonfrivolous issue[] and to file a merits brief raising [it]." Smith,

14

528 U.S. at 285. "Second," the Court noted, "the defendant must show that the deficient performance prejudiced the defense." Strickland, 466 U.S. at 687. In the context of an ineffective assistance of appellate counsel claim, this means the defendant "must show a reasonable probability that, but for his counsel's unreasonable failure to" raise a particular nonfrivolous issue, "he would have prevailed on his appeal." Smith, 528 U.S. at 285.

*b) Was the OCCA's analysis contrary to clearly established federal law?*

Milton challenges the OCCA's analysis of his ineffective assistance of appellate counsel claim, arguing that the OCCA's "decision was both contrary to and an unreasonable application of clearly established federal law" because the OCCA "misstated the legal tests governing the proper inquiry under federal law." Aplt. Br. at 16.

We agree with Milton that the OCCA misstated the "standard for analyzing the issue of whether appellate counsel's performance was deficient." McGee v. Higgins, 568 F.3d 832, 838 (10th Cir. 2009). In particular, the OCCA truncated Strickland's first prong by stating, "The fact appellate counsel fails to recognize or raise a claim, regardless of merit, is not sufficient alone to establish ineffective assistance of counsel, or to preclude enforcement of a procedural default." ROA, Vol. 1, Part 2 at 235. As we recognized in both McGee and Cargle v. Mullin, 317 F.3d 1196, 1204-05 (10th Cir. 2003), this "truncation . . . [has] enable[d] the OCCA to reject appellate ineffectiveness allegations without any assessment of

15

the merits of the underlying predicate claims, so that the OCCA has been able to declare that a 'failure to raise even a meritorious claim does not, in itself, constitute deficient performance.'" Cargle, 317 F.3d at 1204 (quoting Slaughter v. State, 969 P.2d 990, 996 (Okla. Crim. App. 1998)). "It is clearly wrong, as a matter of federal law, to require as a necessary condition for relief under Strickland, something beyond the obvious merit of the omitted claim." Id. at 1205. "The very focus of a Strickland inquiry regarding performance of appellate counsel is upon the merits of omitted issues, and no test that ignores the merits of the omitted claim in conducting its ineffective assistance appellate counsel analysis comports with federal law." Id.

Milton also challenges the OCCA's framing and apparent analysis of Strickland's prejudice standard. Consistent with our holding in McGee, however, we need not reach this issue. In McGee, the OCCA rejected an ineffective assistance of appellate counsel claim using language nearly identical to that used in Milton's case:

> The fact appellate counsel fails to recognize or raise a claim, regardless of merit, is not sufficient alone to establish ineffective assistance of counsel, or to preclude enforcement of a procedural default. After a review of the record and argument presented by Petitioner, we FIND Petitioner has not established appellate counsel's performance was deficient or that the result of his appeal was not reliable and fair.

McGee v. State, No. PC-2006-364, slip op. at 4 (Okla. Crim. App. Jun. 9, 2006) (internal citation omitted). We held that the OCCA's analysis of appellate

16

counsel's performance, which quite clearly incorporated "the repudiated 'regardless of merit' standard," "necessarily 'deviated from the controlling federal standard'" and was not entitled to deference under § 2254(d)(1). McGee, 568 F.3d at 839 (quoting Cargle, 317 F.3d at 1205). We made no attempt in McGee to defer to the OCCA's purported prejudice analysis, and understandably so. By ignoring the merits of the underlying predicate claim in assessing appellate counsel's performance, the OCCA necessarily rendered meaningless any accompanying prejudice analysis.

We thus conclude, as we did in McGee, "that the OCCA's analysis [of Milton's ineffective assistance of appellate counsel claim] necessarily 'deviated from the controlling federal standard,'" 568 F.3d at 839 (quoting Cargle, 317 F.3d at 1205), and was thus contrary to clearly established federal law,[5] see Williams v. Taylor, 529 U.S. 362, 405 (2000) ("A state-court decision will certainly be contrary to our clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases."); McGee, 568 F.3d at 839 (refusing to give deference to OCCA decision that was inconsistent with the

_____

[5] Even setting aside the OCCA's improper formulation of Strickland's first prong, we would still conclude that the OCCA's ultimate rejection of Milton's ineffective assistance of appellate counsel claim was an unreasonable application of Strickland given the inherent factual dispute in the record. Oklahoma law recognizes an ineffective assistance claim based upon a showing of the failure to properly communicate a plea offer and resulting prejudice. See Jiminez v. State, 144 P.3d 903, 906-07 (Okla. Crim. App. 2006). Federal law is to the same effect. Missouri v. Frye, 132 S. Ct. 1399, 1408-09 (2012); see also Lafler v. Cooper, 132 S. Ct. 1376, 1390-91 (2012).

Strickland standards).

Miller's satisfaction of the § 2254(d)(1) standard has two related effects. First, although it does not entitle him to the issuance of a writ of habeas corpus, see Horn v. Banks, 536 U.S. 266, 272 (2002) ("While it is of course a necessary prerequisite to federal habeas relief that a prisoner satisfy the AEDPA standard of review set forth in 28 U.S.C. § 2254(d) . . . , none of our post-AEDPA cases have suggested that a writ of habeas corpus should automatically issue if a prisoner satisfies the AEDPA standard"), it effectively removes AEDPA's prohibition on the issuance of a writ. Second, it requires us to review de novo his ineffective assistance of appellate counsel claim, rather than deferring to the OCCA's resolution of that claim. See Panetti v. Quarterman, 551 U.S. 930, 953 (2007) ("When a state court's adjudication of a claim is dependent on an antecedent unreasonable application of federal law, the requirement set forth in § 2254(d)(1) is satisfied. A federal court must then resolve the claim without the deference AEDPA otherwise requires."); Williams, 529 U.S. at 406 (noting that "a federal court will be unconstrained by § 2254(d)(1) [if] the state-court decision falls within that provision's 'contrary to' clause"); Heard v. Addison, 728 F.3d 1170, 1179 (10th Cir. 2013) (reviewing ineffective assistance claim de novo where the OCCA's decision was contrary to Strickland).

18

*c) Did Milton's appellate counsel err in failing to raise the <u>Strickland</u> issue on direct appeal?*

We thus turn to the first prong of <u>Strickland</u>'s two-pronged test for ineffective assistance. Milton argues, with respect to the first prong, that his appellate counsel performed deficiently by failing to argue on direct appeal that Milton's trial counsel was ineffective for failing to inform Milton of a plea bargain that was purportedly offered by the prosecution in Case No. CF-2007-3113 at some point prior to the preliminary hearing on October 30, 2007. In support, Milton notes that in <u>Jiminez</u>, the OCCA recognized that "the right to effective counsel guaranteed by the Sixth and Fourteenth Amendments . . . protects a criminal defendant from objectively deficient representation by defense counsel in connection with the plea bargaining process," 144 P.3d at 905, and held "that a lawyer's failure to promptly communicate a plea offer cannot be characterized as objectively reasonable representation under prevailing professional norms," <u>id.</u> at 906. In turn, Milton argues that his appellate counsel "never raised the <u>Jiminez/Strickland</u> error committed by the trial lawyer, even though the transcripts from the opening morning of trial clearly revealed that Milton's first lawyer never communicated a plea offer to his client, a plea whose favorable terms the prosecutor himself described for the record." Aplt. Br. at 24-25. Milton asserts that his appellate lawyer should have "raise[d] the issue, not only because it was apparent from the record but also because state law squarely

19

supported it." Id. at 25.

We agree with Milton. A review of Milton's trial transcripts should have alerted Milton's appellate counsel to the possibility that Milton's trial attorney failed to promptly and meaningfully convey to Milton the existence of a plea offer made by the prosecution at some point prior to the October 30, 2007 preliminary hearing in Case No. CF-2007-3113. And, in light of Jiminez, Milton's appellate counsel should have been aware that such a failure was inconsistent with prevailing professional norms and gave rise to a viable claim of ineffective assistance of trial counsel. By failing to discover and raise the issue on direct appeal, Milton's appellate counsel clearly performed deficiently. Smith, 528 U.S. at 285.

*d) Was Milton prejudiced by his appellate counsel's deficient performance?*

The focus then turns to the second prong of the Strickland analysis, i.e., whether Milton was prejudiced by his appellate counsel's deficient performance. Although the state courts apparently resolved this issue in the respondent's favor, and the district court expressly did so, on the basis of the statements contained in the affidavit from Jacob Benedict, we conclude it was error to do so. That is because, as we noted in our order granting Milton a COA, there is conflicting evidence in the record on appeal regarding the precise nature of the plea offer that was purportedly made by the prosecution in Case No. CF-2007-3113 prior to the October 30, 2007 preliminary hearing (i.e., whether it was for twenty years, as

20

alleged by Benedict, for twenty-three years, as stated by the state trial court, or for twenty-five years, as stated by the prosecutor on the eve of trial) and, more importantly, whether Milton was made aware of any such offer.[6]  As our prior order also noted, "the record provides more support for [Milton]'s assertions than it does for [Benedict]'s," and we "cannot simply assume the credibility of . . . [Benedict] and accept his affidavit over [Milton]'s sworn assertions based on the fact that he is an attorney."  Order at 5.  In the end, "[Benedict]'s affidavit simply creates a dispute of fact which has never been explicitly resolved by any court and which the record is inadequate to resolve."  Id.

The outcome of this factual dispute is critical to the resolution of Milton's ineffective assistance of appellate counsel claim.  Assuming, for purposes of argument, that Milton is truthfully alleging that he was not informed of any pre-preliminary-hearing plea offer, and that he would have accepted such offer had he been timely informed of it, that is clearly sufficient to establish prejudice under the second prong of Strickland.  At the time of Milton's direct appeal, it was established under Oklahoma law that "[a] lawyer's communication and explanation of a plea bargain offer must be reasonably prompt under the circumstances," Jiminez, 144 P.3d at 906, and "that counsel's failure to convey a

_____

[6] We reach this conclusion without taking into consideration the factual allegations made by Milton in his objections to the federal magistrate judge's report and recommendation.  These additional factual allegations, which we have recited for purposes of the district court's benefit on remand, only add to the factual dispute.

21

plea offer can prejudice a defendant even though he ultimately stands a fair and impartial trial" if the defendant demonstrates a "reasonable probability that [he] would have accepted the offer if it had been timely communicated," id. at 907 (internal quotation marks omitted). Consequently, and again assuming the truth of Milton's factual allegations, we conclude there is a reasonable probability that, had Milton's appellate counsel raised on direct appeal the issue of whether trial counsel failed to inform Milton of the pre-preliminary hearing plea bargain, Milton would have prevailed on this issue in his direct appeal.

*e) Is Milton entitled to a federal evidentiary hearing?*

The final question we must address is whether Milton is entitled to a federal evidentiary hearing to resolve the disputed factual issues relating to his ineffective assistance of appellate counsel claim.

"Federal law restricts the authority of federal courts to grant evidentiary hearings in habeas cases." Stouffer v. Trammell, 738 F.3d 1205, 1219 (10th Cir. 2013) (internal quotation marks and brackets omitted). In particular, 28 U.S.C. § 2254(e)(2) severely limits the availability of a federal evidentiary hearing in cases where a state habeas petitioner "has failed to develop the factual basis of a claim in State court proceedings," 28 U.S.C. § 2254(e)(2), due to "a lack of diligence, or some greater fault, attributable to the p[etitioner] or the p[etitioner]'s counsel," Williams, 529 U.S. at 432. "To demonstrate the required diligence, [Milton] must show that he made a reasonable attempt, in light of the information available at

22

the time, to investigate and pursue claims in state court in the manner prescribed by state law." Stouffer, 738 F.3d at 1219 (internal quotation marks omitted).

It is undisputed that Milton asked both the state trial court and the OCCA for an evidentiary hearing on his ineffective assistance of appellate counsel claim. See ROA, Vol. 1, Part 2 at 203 (appellate brief asking for relief in the form of a remand and state evidentiary hearing). Both of those courts, however, denied Milton's request. Under our precedent, "[t]his is sufficient to satisfy § 2254(e)'s diligence requirement." Stouffer, 738 F.3d at 1219.

The only potential remaining hurdle for Milton is the Supreme Court's recent decision in Cullen v. Pinholster, 131 S.Ct. 1388 (2011). In Cullen, the Supreme Court held "that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." 131 S.Ct. at 1398. Consequently, a federal appellate court may not, in reviewing a federal habeas claim under § 2254(d)(1), look to any new evidence that was developed by the federal district court that initially reviewed the claim. Id. at 1400 (holding "that evidence introduced in federal court has no bearing on § 2254(d)(1) review"). Notably, the Supreme Court emphasized that "[s]ection 2254(e)(2) continues to have force where § 2254(d)(1) does not bar federal habeas relief." Id. at 1401.

We conclude that Cullen does not prohibit us from remanding the case to the district court with instructions to hold an evidentiary hearing on Milton's

ineffective assistance of appellate counsel claim. As Justice Breyer noted in his concurring and dissenting opinion in Cullen, "§ 2254(d)(1) does not leave AEDPA's hearing section, § 2254(e), without work to do." Id. at 1412. Specifically,

> [a]n offender who believes he is entitled to habeas relief must first present a claim (including his evidence) to the state courts. If the state courts reject the claim, then a federal habeas court may review that rejection on the basis of the materials considered by the state court. If the federal habeas court finds that the state-court decision fails (d)'s test (or if (d) does not apply), then an (e) hearing may be needed.

Id.

Milton's case is precisely the type anticipated by Justice Breyer's comments. As we have already explained, the OCCA's decision cannot survive scrutiny under § 2254(d)(1). And, as we have also explained, disputed issues of fact exist that preclude us from completing our own de novo review of Milton's ineffective assistance of appellate counsel claim. Thus, we remand this case to the district court to conduct an evidentiary hearing and resolve those disputed issues of fact, and in turn reexamine Milton's ineffective assistance of appellate counsel claim in light of its factual findings.

### III

The judgment of the district court is REVERSED and the case REMANDED with directions to the district court for further proceedings consistent with this order.