FILED
United States Court of Appeals
Tenth Circuit

October 24, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

PHILLIP STEVEN BORDEN,

     Petitioner - Appellant,

v.

JASON BRYANT, Warden, James
Crabtree Correctional Center,

     Respondent - Appellee.

No. 19-5032
(D.C. No. 4:16-CV-00024-CVE-JFJ)
(N.D. Okla.)

_____

**ORDER DENYING A CERTIFICATE OF APPEALABILITY**
_____

Before **HARTZ**, **PHILLIPS**, and **EID**, Circuit Judges.
_____

Applicant Phillip Steven Borden was convicted by an Oklahoma jury on several

charges arising out of sexual abuse of two children.  He was sentenced to three terms of

life imprisonment, and his convictions were affirmed on direct appeal.  After he

unsuccessfully sought state postconviction relief, he filed an application for relief under

28 U.S.C. § 2254 in the United States District Court for the Northern District of

Oklahoma.  The district court denied his application.  He now requests a certificate of

appealability (COA) from this court.  *See* 28 U.S.C. § 2253(c)(1)(A) (requiring COA to

appeal denial of relief under § 2254).  We deny his request and dismiss the appeal.

A COA will issue "only if the applicant has made a substantial showing of the

denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This standard requires "a

demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, the applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.*

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides that when a claim has been adjudicated on the merits in a state court, a federal court can grant habeas relief only if the applicant establishes that the state-court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2). A federal court may not grant relief simply because it concludes in its "independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Gipson v. Jordan*, 376 F.3d 1193, 1196 (10th Cir. 2004) (internal quotation marks omitted). Rather, "[i]n order for a state court's decision to be an unreasonable application of [the Supreme] Court's case law, the ruling must be objectively unreasonable, not merely wrong; even clear error will not suffice." *Virginia v. LeBlanc*, 137 S. Ct. 1726, 1728 (2017) (per curiam) (internal quotation marks omitted). To prevail, "a litigant must show that the state court's ruling was so lacking in justification that there was an error well

2

understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* (ellipsis and internal quotation marks omitted).

In addition, AEDPA establishes a deferential standard of review for state-court factual findings. "AEDPA . . . mandates that state court factual findings are presumptively correct and may be rebutted only by 'clear and convincing evidence.'" *Saiz v. Ortiz*, 392 F.3d 1166, 1175 (10th Cir. 2004) (quoting 28 U.S.C. § 2254(e)(1)). Further, the Supreme Court has held that review under § 2254(d)(1), just as under § 2254(d)(2), "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011); *see id.* at 185 n.7. "AEDPA's deferential treatment of state court decisions must be incorporated into our consideration of a habeas petitioner's request for [a] COA." *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004).

Applicant was convicted of the rape and molestation of two young girls, De. H. and Da. H., whom he met while dating their mother. After the dating ended, the girls continued to visit Applicant's home. "The victims could not provide exact dates for the incidents, but described them in relation to the three houses that petitioner occupied during an eight year period." Dist. Ct. Op. at 1. Applicant seeks a COA on three grounds: (1) the prosecution unduly interfered with witnesses; (2) he was denied due process because he was not provided adequate notice of the conduct that was the basis of the charges against him; and (3) the prosecution knowingly presented false testimony.

On his first claim Applicant alleges that the prosecution intimidated three witnesses into not testifying in his defense. The state trial court, however, found that the

3

evidence of interference submitted by Applicant was not sufficient to support a finding that the prosecution had interfered with the defense witnesses. The findings of the state court are presumptively correct, and Applicant did not rebut the findings with clear and convincing evidence. No reasonable jurist could challenge the district court's disposition of this claim.

On his second claim Applicant argues that his due-process rights were violated because the information filed against him did not include specific dates on which the charged conduct took place. *See Cole v. Arkansas*, 333 U.S. 196, 201 (1948) ("No principle of procedural due process is more clearly established than that notice of the specific charge . . . [is] among the constitutional rights of every accused in a criminal proceeding."). The OCCA determined that the information was sufficiently detailed to appraise Applicant of the charges against him and enable him to prepare his defense. Applicant cites state-court opinions holding that failure to identify a sufficiently precise timeframe during which the charged conduct took place can violate due process; but he needs opinions of the United States Supreme Court that address circumstances involving an allegedly overbroad period of time in which the charged offense occurred, *see House v. Hatch*, 527 F.3d 1010, 1016 (10th Cir. 2008) ("[C]learly established law consists of Supreme Court holdings in cases where the facts are at least closely-related or similar to the case *sub judice*."). Because he has not directed our attention to any such opinion, no reasonable jurist could challenge the district court's disposition of this claim.

On his third claim, Applicant argues that his due-process rights were violated because the prosecution knowingly presented false testimony by Bucky King. *See Napue*

4

*v. Illinois*, 360 U.S. 264, 269 (1959) ("[A] conviction obtained through use of false evidence, known to be such by representatives of the State, must fall under the Fourteenth Amendment."). But Applicant never asserted, much less presented evidence, that the prosecution knew that King's testimony was false. No reasonable jurist could challenge the district court's disposition of this claim.

Finally, Applicant argues that he is entitled to an evidentiary hearing on his first and third claims. We are not persuaded. An evidentiary hearing is appropriate only if the state court's decision was contrary to or an unreasonable application of clearly established federal law under § 2254(d)(1) or an unreasonable determination of the facts under § 2254(d)(2), and the prisoner acted diligently in developing the factual record in state court under § 2254(e)(2). *See Milton v. Miller*, 744 F.3d 660, 672–73 (10th Cir. 2014). When the state court has adjudicated the merits of an issue, the federal court cannot consider evidence outside the state-court record when it reviews whether the applicant has shown that the state-court decision was contrary to clearly established federal law. *See Pinholster*, 563 U.S. at 180–81. Relying on *Townsend v. Sain*, 372 U.S. 293, 312 (1963), and *Littlejohn v. Trammell*, 704 F.3d 817, 858 (10th Cir. 2013), Applicant asserts he was entitled to an evidentiary hearing because he diligently tried to develop the evidentiary record in the state court, as required by § 2254(e)(2). But *Townsend* was decided before § 2254(d)(1) was enacted as part of AEDPA, and *Littlejohn* applied the pre-§ 2254(d)(1) standard of review because the state court had failed to adjudicate the merits of the applicant's claim, *see* 704 F.3d at 857 n.21. In this case we have ruled that Applicant has not satisfied § 2254(d) on any of his claims.

*Pinholster* makes it clear that therefore the district court was not required to conduct an evidentiary hearing.  *See* 563 U.S. at 180–86.

We **DENY** a COA and **DISMISS** the appeal.

Entered for the Court


Harris L Hartz
Circuit Judge