**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 15, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT
_____

JOHN STEPHEN ROUTT,

    Petitioner - Appellant,

v.

WILLIS PETTIT, Warden,

    Respondent - Appellee.

No. 24-5016
(D.C. No. 4:21-CV-00014-CVE-JFJ)
(N.D. Okla.)

_____

## ORDER DENYING CERTIFICATE OF APPEALABILITY*
_____

Before **HOLMES**, Chief Judge, **MORITZ**, and **CARSON**, Circuit Judges.
_____

John Stephen Routt, proceeding pro se, seeks a certificate of appealability (COA) to appeal from the district court's denial of his 28 U.S.C. § 2254 application challenging his Oklahoma convictions for burglary in the first degree, threatening an act of violence, and unlawful possession of a controlled drug. We deny a COA and dismiss this matter.

## BACKGROUND

The convictions arose out of an altercation at the apartment of Mr. Routt's sister, Mary Lewis. The altercation involved Mr. Routt; his girlfriend, Gina Gibson; Ms. Lewis;

---

* This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

and Ms. Lewis's husband, Anthony Lewis. The jury heard testimony from Ms. Lewis, Mr. Lewis, and Mr. Routt.[1] Ms. Gibson did not testify.

Ms. Lewis and Mr. Lewis testified that Mr. Routt had been living with them until they told him to leave because he used physical force against Ms. Lewis in the presence of her daughter and grandchild. Mr. Routt left some belongings at their apartment. About a week later, on August 15, 2016, the Lewises woke up around 5 a.m. to knocking on the door. Ms. Lewis went to the door. She asked who it was, and was told Ms. Gibson. But when Ms. Lewis opened the door, Mr. Routt was behind Ms. Gibson.

According to the Lewises, Mr. Routt pushed Ms. Gibson into the apartment and threw her on the floor. He then pushed Ms. Lewis up against a wall and held a knife to her throat. He threatened her, stating he would kidnap her and have people beat her, rape her, and starve her to death. Ms. Lewis tried to escape, running out the door, but Mr. Routt grabbed her and pulled her back in. While he was in the apartment, he grabbed a three-pound sledgehammer and brandished it, threatening to bash Ms. Lewis in the head. At some point, he sheathed the knife. Eventually he allowed Ms. Lewis to go to the bathroom, and she was able to call the police, who responded and detained Mr. Routt.

Both Ms. Gibson and Mr. Routt had been wearing backpacks. Ms. Lewis testified that both backpacks were Mr. Routt's. One of the backpacks, which was orange, contained a smaller bag with a baggie of a crystal substance. Officers and a laboratory

---

[1] Ms. Lewis and Mr. Routt testified in person. The jury heard Mr. Lewis's testimony from the preliminary hearing because he had passed away before the trial.

employee testified that the substance field-tested and then laboratory-tested positive for methamphetamine.

Mr. Routt was the defense's only witness. He testified that Ms. Gibson had told him Ms. Lewis was giving away his belongings. He was upset, but did not push his way into the apartment. His only intention was to get his stuff back. Ms. Lewis let Ms. Gibson and him into the apartment before an argument began over replacing his property. He admitted he carried a knife, but he denied he ever pulled it from the sheath. He also admitted he grabbed the sledgehammer, but said he was picking it up and moving it to keep Mr. Lewis from using it against him. And he admitted that the orange backpack was his, but he denied that the methamphetamine was his.

The jury found Mr. Routt guilty of burglary in the first degree, threatening an act of violence, and unlawful possession of a controlled drug, but not guilty of kidnapping and assault with a dangerous weapon. In light of Mr. Routt's prior felony convictions, Oklahoma law allowed enhancement of the sentence. The jury assessed 40 years' imprisonment on the burglary and drug convictions plus six months' imprisonment on the threatening conviction. The state district court sentenced Mr. Routt in accordance with the jury's verdict, imposing concurrent 40-year sentences and a consecutive six-month sentence. The Oklahoma Court of Criminal Appeals (OCCA) affirmed.

Mr. Routt then filed two state-court collateral proceedings, first a petition for post-conviction relief and then a habeas petition. The state courts denied both petitions.

After completing his state proceedings, Mr. Routt brought a § 2254 application identifying twelve grounds for relief. The district court denied several grounds on the

merits and concluded that the other grounds were procedurally defaulted.  It denied the § 2254 application and denied a COA.

## DISCUSSION

To appeal from the district court's denial of his § 2254 application, Mr. Routt must obtain a COA.  *See* 28 U.S.C. § 2253(c)(1)(A).  A COA is appropriate when a movant makes "a substantial showing of the denial of a constitutional right."  *Id.* § 2253(c)(2).  For a COA on the claims that the district court decided on the merits, Mr. Routt "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).  For a COA on the claims that the district court held were procedurally defaulted, Mr. Routt must show that reasonable jurists would debate both "whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling."  *Id.*[2]

## I.     Claims Denied on the Merits (Grounds 2-6, 11, and 12)

Under 28 U.S.C. § 2254(d), a petitioner must show that the state court's adjudication of his claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," § 2254(d)(1), or "resulted in a decision that was

---

[2]  Because Mr. Routt proceeds pro se, we construe his filings liberally, but we do not act as his attorney.  *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).  To the extent he attempts to incorporate by reference arguments he made in the district court, we decline to consider such arguments.  *See Fulghum v. Embarq Corp.*, 785 F.3d 395, 410 (10th Cir. 2015) (noting that incorporating district-court arguments by reference is improper and deeming such arguments waived).

based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," § 2254(d)(2). "[D]eference and reasonableness are our watchwords as we review [state-court] rulings" in habeas. *Meek v. Martin*, 74 F.4th 1223, 1248 (10th Cir. 2023). "[I]t is insufficient to show that the state court's decision was merely wrong or even clear error. The prisoner must show that a state court's decision is so obviously wrong that no reasonable judge could arrive at the same conclusion given the facts of the prisoner's case." *Id.* (citation and internal quotation marks omitted). *Id.* It is Mr. Routt's burden to satisfy the "demanding standards" for habeas relief. *Id.* at 1249.

### A. Ineffective Assistance of Counsel (Grounds 2 and 11)

Ineffective-assistance claims are governed by *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, the applicant "must show that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Id.* at 687. "When a habeas petitioner alleges ineffective assistance of counsel, deference exists both in the underlying constitutional test (*Strickland*) and the . . . standard for habeas relief, creating a doubly deferential judicial review." *Harris v. Sharp*, 941 F.3d 962, 973 (10th Cir. 2019) (internal quotation marks omitted). Under this double deference, the federal courts consider "whether there is *any reasonable argument* that counsel satisfied *Strickland*'s deferential standard." *Id.* at 974 (internal quotation marks omitted).

### 1. Trial Counsel (Ground 2)

Ground 2 argues that Mr. Routt's trial counsel was ineffective in failing to investigate, failing to call Ms. Gibson as a witness, failing to impeach the Lewises'

testimony with prior inconsistent testimony and statements, and in conceding knowledge of the methamphetamine. Mr. Routt argued in both his direct appeal and his state post-conviction petition that his trial counsel was ineffective. In the direct appeal, the OCCA held that he failed to demonstrate prejudice. In reviewing the denial of the state post-conviction petition, the OCCA held that the claims should have been raised in the direct appeal (although it apparently also considered them in the course of evaluating Mr. Routt's claim of ineffective assistance of appellate counsel). Giving Mr. Routt the benefit of the doubt, the district court analyzed both the performance prong and the prejudice prong with regard to each allegation of ineffective assistance of trial counsel.

In light of the "doubly deferential" review due ineffective-assistance claims, *Harris*, 941 F.3d at 973 (internal quotation marks omitted), no reasonable jurist would debate the rejection of these claims. The district court carefully examined each allegation. For substantially the reasons it discussed, Mr. Routt has not shown the OCCA's decisions were so beyond the realm of reasonableness that they could be considered contrary to or an unreasonable application of *Strickland*. Nor has Mr. Routt shown that the district court's application of *Strickland* was debatable.

### 2.    Appellate Counsel (Ground 11)

Ground 11 claims that appellate counsel was ineffective in omitting meritorious issues while raising meritless ones. Citing *Strickland*, the OCCA held that Mr. Routt failed to establish deficient performance or prejudice. The district court held that the OCCA's decision was not contrary to or an unreasonable application of *Strickland*.

6

Mr. Routt argues his appellate counsel should have raised the issues he identifies as Grounds 7 and 8 in his § 2254 application. The district court considered both issues to be meritless, so that Mr. Routt failed to demonstrate prejudice. For substantially the reasons discussed in Section II.A. below, it does not appear that reasonable jurists would debate the merits of Grounds 7 or 8. Therefore, no reasonable jurist would debate the conclusion that the OCCA's decision was not contrary to or an unreasonable application of *Strickland*. *See Davis v. Sharp*, 943 F.3d 1290, 1299 (10th Cir. 2019) ("If the omitted issue is meritless, its omission will not constitute deficient performance." (internal quotation marks omitted)).

### B.    Sufficiency of the Evidence (Ground 3)

Ground 3 challenges the sufficiency of the evidence of possession of a controlled substance. The OCCA held that, viewing the evidence in the light most favorable to the State, the State proved all the elements of the crime beyond a reasonable doubt. The district court held that the OCCA's decision was not contrary to or an unreasonable application of *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), or an unreasonable application of the facts in light of the evidence presented. In arriving at that conclusion, the district court noted that a jury could have found joint possession of the backpack containing the methamphetamine and that a reasonable factfinder could have disbelieved Mr. Routt's testimony denying the methamphetamine was his.

The district court properly identified the highly deferential standards for a habeas claim challenging the sufficiency of the evidence. *See, e.g.*, *Meek*, 74 F.4th at 1252, 1261-62. Mr. Routt repeats that the evidence was insufficient. But he ignores the district

court's reasons for concluding the OCCA's decision does not violate either § 2254(d)(1) or (d)(2)—including the requirement to view all testimony and evidence in the light most favorable to the State, *see Jackson*, 443 U.S. at 319. He thus has failed to show that reasonable jurists would debate the district court's rejection of this claim.

### C.    Jury Instruction (Ground 4)

Ground 4 alleges the jury instruction regarding constructive possession was incomplete, allowing a finding of guilt based only on proximity to the drugs. The OCCA held that the failure to give a fuller instruction was not plain error. Noting that the question on habeas review was "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process," R. Vol. I at 533 (internal quotation marks omitted), the district court held that the OCCA's decision was not contrary to or an unreasonable application of clearly established federal law. The district court noted the instruction given to the jury incorporated the concepts Mr. Routt says were lacking, and evidence beyond proximity supported a finding of constructive possession.

The district court identified the appropriate legal standard. *See Middleton v. McNeil,* 541 U.S. 433, 437 (2004) ("[N]ot every ambiguity, inconsistency, or deficiency in a jury instruction rises to the level of a due process violation. The question is whether the ailing instruction so infected the entire trial that the resulting conviction violates due process." (ellipsis and internal quotation marks omitted)). Before this court, Mr. Routt attacks the sufficiency of the jury instruction rather than challenging the district court's

8

reasoning. He thus has failed to show that reasonable jurists would debate the district court's rejection of this claim.

### D.    Prosecutorial Misconduct (Ground 5)

Ground 5 claims the prosecutor improperly vouched for Ms. Lewis's credibility. The OCCA held that the remarks did not constitute impermissible vouching. The district court held that Mr. Routt failed to show the OCCA's decision was contrary to or an unreasonable application of clearly established federal law, and further, that he failed to show the remarks made the trial fundamentally unfair.

Mr. Routt contends the remarks at issue do constitute improper vouching. But for habeas relief, it is not enough to show mere error: "[t]he relevant question is whether the prosecutors' comments so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (internal quotation marks omitted). Even if the OCCA erred, Mr. Routt fails to show reasonable jurists would debate whether the remarks made the trial fundamentally unfair.

### E.    Sentence Enhancement (Ground 6)

Ground 6 asserts the state trial court improperly enhanced the sentence for possession of a controlled drug under a general enhancement statute rather than a drug-specific enhancement statute. The OCCA held that because Mr. Routt had prior convictions for both non-drug-related and drug-related felonies, the State could elect to enhance his sentence under either provision. The district court held that it was bound by the OCCA's interpretation of Oklahoma law and that Mr. Routt had failed to show the OCCA's application of the law was arbitrary in the constitutional sense.

9

Mr. Routt asserts that the OCCA erred in determining either enhancement statute could apply.  He then states, in a conclusory manner, that the error makes the enhancement of his sentence an arbitrary deprivation of liberty.  But "[o]n collateral review, we emphatically cannot review a state court's interpretation of its own state law." *Meek*, 74 F.4th at 1271 (internal quotation marks omitted).  And "[a] habeas applicant cannot transform a state law claim into a federal one merely by attaching a due process label." *Leatherwood v. Allbaugh*, 861 F.3d 1034, 1043 (10th Cir. 2017).  No reasonable jurist would debate the district court's rejection of Ground 6.

### F.     Cumulative Error (Ground 12)

Ground 12 invokes cumulative error.  "A cumulative-error analysis aggregates all errors found to be harmless and analyzes whether their cumulative effect on the outcome of the trial is such that collectively they can no longer be determined to be harmless." *Meek*, 74 F.4th at 1275 (internal quotation marks omitted).  "We ask whether the various errors we have identified collectively had a substantial and injurious effect or influence in determining the jury's verdict." *Id.* at 1276 (brackets and internal quotation marks omitted).

Before this court, Mr. Routt asserts, in a conclusory manner, that "[t]he cumulative errors deprived [him] of a fair proceeding and reliable outcome." Aplt. Opening Br./Appl. for COA at CM/ECF p. 27.  This abbreviated discussion does not adequately preserve a cumulative-error argument, and we deem it waived. *See Meek*, 74 F.4th at 1275 (discussing briefing-waiver doctrine).

## II.    Claims Denied as Procedurally Defaulted (Grounds 1, 7-10)

The district court held Grounds 1, 7, 8, 9, and 10 were procedurally defaulted and Mr. Routt failed to show cause and prejudice or a fundamental miscarriage of justice to excuse the default.  In seeking a COA, Mr. Routt clarifies that he intended Ground 1's allegation of actual innocence as cause for excusing a procedural default, not as a stand-alone claim.  And he does not mention Ground 9.  We thus examine only Grounds 7, 8, and 10.

### A.    Grounds 7 and 8

Mr. Routt asserts that because the OCCA addressed Grounds 7 and 8 in assessing his claim of ineffective assistance of counsel, a state procedural bar does not preclude federal habeas review.  *See Jones v. Gibson*, 206 F.3d 946, 956 (10th Cir. 2000).  Even if reasonable jurists would debate the district court's procedural ruling, however, he has not shown they would debate whether the underlying allegations state a valid claim of a violation of a constitutional right.[3]

Ground 7 challenges the sufficiency of the information as to the burglary charge. "An indictment is sufficient if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy defense." *United States v. Dashney*, 117 F.3d 1197, 1205 (10th Cir. 1997); *see Russell v. United States*, 369 U.S. 749, 763-64 (1962). No reasonable jurist would debate whether the information met these requirements.

---

[3] Having assumed the procedural ruling is debatable, we need not consider Mr. Routt's alternate procedural argument that he showed cause to overcome the default.

Ground 8 alleges a constructive amendment and/or variance with regard to the charge of threatening an act of violence. A simple "variance is fatal only when the defendant is prejudiced in his defense because he cannot anticipate from the indictment what evidence will be presented against him or is exposed to the risk of double jeopardy," while a constructive amendment requires determining "whether the jury was permitted to convict the defendant upon a set of facts distinctly different from that set forth in the indictment." *Hunter v. New Mexico*, 916 F.2d 595, 599 (10th Cir. 1990) (per curiam) (internal quotation marks omitted). Mr. Routt asserts that although the information alleged he threatened to kill Ms. Lewis while holding a sledgehammer, "[n]othing in the record shows [he] held a sledgehammer and threaten[ed] to kill Mary Lewis." Aplt.Opening Br./Appl. for COA at CM/ECF p. 25. But the transcript shows that Mr. Lewis testified that Mr. Routt took the sledgehammer away from Ms. Gibson and threatened to smash Ms. Lewis's head in with it. With the factual basis for his claim contradicted by the record, Mr. Routt fails to show that reasonable jurists could debate the existence of a variance or a constructive amendment.

**B.      Ground 10**

Ground 10 challenges the sufficiency of the instruction regarding reasonable doubt. This claim was first raised in the state habeas petition, and the OCCA held that Mr. Routt could have raised it on direct appeal or in his state post-conviction proceeding. The district court determined this was a procedural default. Mr. Routt asserts that a deficient reasonable-doubt instruction cannot be procedurally defaulted because it is a

structural error.  We have held, however, that "even structural errors are subject to state procedural bars."  *Thornburg v. Mullin*, 422 F.3d 1113, 1141 (10th Cir. 2005).

A habeas applicant can overcome a procedural default by showing cause and prejudice or a fundamental miscarriage of justice (i.e., actual innocence).  *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991).  Mr. Routt's Ground 1 asserts a gateway claim of actual innocence.  The actual-innocence "standard is demanding," and "tenable actual-innocence gateway pleas are rare."  *Fontenot v. Crow*, 4 F.4th 982, 1031 (10th Cir. 2021) (internal quotation marks omitted).  "The gateway should open only when a petition presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error."  *Id.* (internal quotation marks omitted).

The district court concluded that Mr. Routt's proffered new evidence, including Ms. Gibson's affidavit, did not meet the demanding actual-innocence standard.  For substantially the reasons discussed by the district court, we are not persuaded that reasonable jurists would debate whether Mr. Routt established an actual-innocence gateway claim.  *See, e.g., Stafford v. Saffle*, 34 F.3d 1557, 1561-62 (10th Cir.1994) (holding corroborative or speculative evidence insufficient to meet high threshold for actual innocence in evaluating whether actual-innocence claim warranted leave to amend habeas petition).

## III.    Remaining Arguments

Mr. Routt asserts that the district court erred in denying his § 2254 application without holding an evidentiary hearing.  Where an issue is reviewed for abuse of

13

discretion, such as a decision on evidentiary hearings, the COA question is "whether a reasonable jurist could conclude that the District Court abused its discretion." *Buck v. Davis*, 580 U.S. 100, 123 (2017). Where a court can resolve a habeas claim on the existing record, it does not abuse its discretion when it denies an evidentiary hearing. *Torres v. Mullin*, 317 F.3d 1145, 1161 (10th Cir. 2003). Moreover, federal courts are severely restricted in granting evidentiary hearings in § 2254 proceedings. *See, e.g.*, *Andrew v. White*, 62 F.4th 1299, 1346-47 (10th Cir. 2023), *pet. for cert. filed* (U.S. Jan. 22, 2024) (No. 23-6573). Mr. Routt relies on *Milton v. Miller*, 744 F.3d 660, 672-73 (10th Cir. 2014), but there the court granted an evidentiary hearing only after concluding the applicant had satisfied the requirements of § 2254(d)(1). Mr. Routt has not satisfied those requirements.

Finally, Mr. Routt lists certain technical deficiencies in the documents relating to his state post-conviction proceedings that, he argues, denied him fundamental fairness. These assertions do not demonstrate that reasonable jurists would debate the OCCA's denial of his post-conviction petition or the district court's denial of his § 2254 claims.

## CONCLUSION

We deny a COA and dismiss this matter.

Entered for the Court

Jerome A. Holmes
Chief Judge

14