NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————————

No. 16-1688

————————

RICHARD MAX CRAWFORD, III,
Appellant

v.

STATE OF PENNSYLVANIA;
SECRETARY PENNSYLVANIA DEPARTMENT OF CORRECTIONS;
SUPERINTENDENT CRESSON SCI

————————

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. No. 3-13-cv-00143)
District Judge:  Honorable Kim R. Gibson

————————

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 26, 2017

Before:  HARDIMAN, ROTH, and FISHER, *Circuit Judges*.

(Opinion Filed:  November 15, 2017)

————————

OPINION[*]

————————

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

FISHER, *Circuit Judge*.

In 2006, a Bedford County, Pennsylvania jury convicted Richard Max Crawford III of several sex crimes. Crawford now seeks federal habeas review of his convictions. The District Court declined to grant relief, and we will affirm.

I

A

Beginning around March 1992, Crawford began sexually abusing his live-in girlfriend's daughter, J.M. Crawford was twenty-four years old at the time, while J.M. was just seven. The abuse continued for another five years, ending when J.M. reached age twelve. J.M. did not disclose the abuse until 2004, when she informed her mother and a Pennsylvania state trooper.

Crawford was subsequently arrested and charged with 504 counts of various sexual offenses. Prior to trial, the Court of Common Pleas of Bedford County granted Crawford's motion for a bill of particulars. The Commonwealth filed the bill, which set out the factual bases for each count. At the same time, the Commonwealth conceded that, because J.M. was unable remember specific dates on which the abuse occurred, it could not give a specific date and time for the bulk of the charges.

On December 22, 2006, the jury found Crawford guilty of 392 of the counts charged, and he later received a sentence of twenty-five to fifty years' imprisonment. The Pennsylvania Superior Court affirmed the convictions and sentence, rejecting, *inter*

*alia*, Crawford's argument that the bill of particulars was so vague and imprecise as to deny him adequate notice of the offenses for which he was charged.[1] The Pennsylvania Supreme Court declined Crawford's petition for discretionary review.[2] His efforts to obtain post-conviction relief in the Pennsylvania courts were likewise unsuccessful.[3]

## B

In July 2013, Crawford applied to the United States District Court for the Western District of Pennsylvania for a writ of habeas corpus. Relevant here, Crawford argued that the Commonwealth violated due process and the Sixth Amendment by charging him with numerous, undifferentiated counts of the same offenses, rather than separate, specific, and identifiable incidents of child sexual abuse. The magistrate judge recommended that the writ be denied, and that a certificate of appealability (COA) issue with regard to Crawford's due process and Sixth Amendment challenge. The District Court adopted the Magistrate Judge's recommendation as to the denial of relief, but declined to grant a COA. This Court then granted a COA along the lines recommended by the Magistrate Judge.

## II

---

[1] *Commonwealth v. Crawford*, 981 A.2d 309 (Pa. Super. 2009) (unpublished opinion).

[2] *Commonwealth v. Crawford*, 985 A.2d 970 (Pa. 2009).

[3] *Commonwealth v. Crawford*, 55 A.3d 131 (Pa. Super. 2012) (unpublished opinion), *appeal denied*, 69 A.3d 599 (Pa. 2013).

The District Court had jurisdiction under 28 U.S.C. § 2254. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. Our review is plenary.[4] Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Crawford is eligible for federal habeas relief if the Pennsylvania Superior Court's ruling on direct appeal was "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States . . . ."[5] "In order for a state court's decision to be an unreasonable application of [the Supreme] Court's case law, the ruling must be objectively unreasonable, not merely wrong; even clear error will not suffice."[6]

### III

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation . . . ." "No principle of procedural due process is more clearly established than that notice of the specific charge, and a chance to be heard in a trial of the issues raised by that charge, if desired, are among the constitutional rights of every accused in a criminal proceeding in all courts, state or federal."[7] To meet this constitutional requirement, a charging

---

[4] *Washington v. Sec'y Pa. Dep't of Corr.*, 801 F.3d 160, 164 (3d Cir. 2015).

[5] 28 U.S.C. § 2254(d)(1).

[6] *Virginia v. LeBlanc*, 137 S. Ct. 1726, 1728 (2017) (per curiam) (internal quotation marks omitted).

[7] *Cole v. Arkansas*, 333 U.S. 196, 201 (1948); *see also In re Oliver*, 333 U.S. 257, 273 (1948) ("A person's right to reasonable notice of a charge against him, and an opportunity to be heard in his defense—a right to his day in court—are basic in our system of jurisprudence . . . .").

4

document must: "first, contain[] the elements of the offense charged and fairly inform[] a defendant of the charge against which he must defend, and, second, enable[] him to plead an acquittal or conviction in bar of future prosecutions for the same offense."[8]

In support of his due process and Sixth Amendment claim, Crawford asks us to follow the Sixth Circuit's decision in *Valentine v. Konteh*.[9]  In that case, the Sixth Circuit held that the Ohio Court of Appeals' affirmance of 35 counts of child sexual abuse was an unreasonable application of clearly established federal law because the indictment at issue "failed to apprise the defendant of what occurrences formed the bases of the criminal charges he faced."[10]

In relying on *Valentine*, Crawford invites us to exceed our discretionary bounds. The question before us is not whether we find the reasoning of *Valentine* to be attractive or persuasive, but rather whether the Pennsylvania Superior Court's decision was an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States.  In making this determination, we are forbidden from adopting a "specific legal rule" that "refine[s] or sharpen[s] a general principle of Supreme Court

---

[8] *Hamling v. United States*, 418 U.S. 87, 117 (1974); *see also United States v. Resendiz-Ponce*, 549 U.S. 102, 108 (2007); *Russell v. United States*, 369 U.S. 749, 763-65 (1962).
[9] 395 F.3d 626 (6th Cir. 2005).
[10] *Id.* at 634; *see id.* ("[States] do not have the power to prosecute one for a pattern of abuse through simply charging a defendant with the same basic offense many times over.").

jurisprudence."[11] To be sure, AEDPA permits us to "apply the rationales of Supreme Court decisions to new and different facts and circumstances as long as the new facts and circumstances are substantially the same that were in the mind of the Supreme Court when it laid down the rule."[12] But what we may not "widen the scope of or . . . enlarge Supreme Court rules."[13] We must take the law as it is, and we cannot say that the decision of the Pennsylvania Superior Court was an unreasonable application of that law.

The Supreme Court precedent in this area is very general and lacks a specific application to the problems encountered in prosecutions of child sexual abuse. "Perhaps the logical next step from" the Supreme Court's decisions would be to hold that due process and the Sixth Amendment require a more particularized charging document in a case like this one; but then again "perhaps not."[14] AEPDA therefore requires that we defer to the reasoned judgment of the Pennsylvania Superior Court.

*     *     *

The judgment of the District Court will be affirmed.

---

[11] *Lopez v. Smith*, 135 S. Ct. 1, 4 (2014).
[12] *Washington*, 801 F.3d at 170 (alterations and internal quotation marks omitted).
[13] *Id.*
[14] *White v. Woodall*, 134 S. Ct. 1697, 1707 (2014).