**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-6307**

JASON MICHAEL CONTRERAS,

Petitioner – Appellee,

v.

KEITH W. DAVIS, Warden, Sussex II State Prison,

Respondent – Appellant.

**No. 17-6351**

JASON MICHAEL CONTRERAS,

Petitioner – Appellant,

v.

KEITH W. DAVIS, Warden, Sussex II State Prison,

Respondent – Appellee.

Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria.  James C. Cacheris, Senior District Judge. (1:13-cv-00772-JCC-TRJ)

Argued:  December 5, 2017                    Decided:  December 21, 2017

Before NIEMEYER, SHEDD and DUNCAN, Circuit Judges.

Vacated and remanded by unpublished opinion. Judge Duncan wrote the opinion, in which Judge Niemeyer and Judge Shedd joined.

**ARGUED:** Matthew Robert McGuire, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellant/Cross-Appellee. George A. Somerville, HARMAN CLAYTOR CORRIGAN & WELLMAN, Richmond, Virginia, for Appellee/Cross-Appellant. **ON BRIEF:** Mark R. Herring, Attorney General, Stuart A. Raphael, Solicitor General, Trevor S. Cox, Deputy Solicitor General, Rosemary V. Bourne, Senior Assistant Attorney General, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellant/Cross-Appellee. Jonathan P. Sheldon, Kelsey Karen Marie Peregoy, SHELDON FLOOD & HAYWOOD, PLC, Fairfax, Virginia; for Appellee/Cross-Appellant.

Unpublished opinions are not binding precedent in this circuit.

DUNCAN, Circuit Judge:

Defendant-Appellee Jason Michael Contreras petitioned the district court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that his conviction rested on an invalid guilty plea in light of *Miller v. Alabama*, 567 U.S. 460 (2012), and that his sentence violated his rights under the Eighth Amendment. The district court granted the petition on the ground that his sentence violated *Miller* and remanded to state court for resentencing in accordance with the Eighth Amendment. For the reasons that follow, we vacate the district court's judgment and remand with instructions to dismiss Contreras's petition.

I.

When Contreras was fifteen years old, his drug-addicted mother abandoned him at a crack house, entrusting him to the care of two adult drug dealers. Over twelve days in October 1996, Contreras participated in a crime spree. He robbed three people at gunpoint, stealing their cars or other valuables, then broke into a woman's home. On October 26, the drug dealers made Contreras and another juvenile flip a coin to determine who would carry out a fourth robbery. Contreras lost, so he took a gun and proceeded to confront thirty-five-year-old David Semko, who was walking to his car in the dark. Semko fled when he saw Contreras, and Contreras shot him in the back, killing him.

Contreras was arrested on October 30, 1996. On March 27, 1997, he pleaded guilty in circuit court in Norfolk, Virginia, to first-degree murder, attempted robbery, statutory burglary, three counts of robbery, and five counts of using a firearm in the

3

commission of a felony. At the time that Contreras pleaded guilty, he did so understanding that the maximum penalty for both the first-degree murder charge and robbery charges was life imprisonment. Virginia had abolished parole for offenses committed on or after January 1, 1995. By pleading guilty, he sought to avoid mandatory life imprisonment without parole.

Contreras was sentenced on May 15, 1997. Five witnesses testified at the sentencing hearing on Contreras's behalf, including his grandmother, his aunt, his stepfather, his social worker, and his juvenile probation officer. Both Contreras's attorney and Contreras himself asked the court for a reduced sentence on account of his youth. The court sentenced Contreras to terms of imprisonment of twenty-three years for the firearms charges, two years for statutory burglary, two years for attempted robbery, five years each for the three robberies, and thirty-five years for Semko's murder, all of which were to be served consecutively. Contreras's combined sentence for the eleven offenses was thus seventy-seven years of imprisonment.

On June 9, 1999, Contreras filed a state petition for a writ of habeas corpus, claiming trial error, ineffective assistance of counsel, and prosecutorial misconduct. His state habeas petition was denied, and he did not appeal to the Supreme Court of Virginia.

In 2010, the U.S. Supreme Court established that imposition of life without parole for juvenile, non-homicide offenders was unconstitutional. *Graham v. Florida*, 560 U.S. 48, 82 (2010). In 2012, the Supreme Court held that "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole" for juveniles convicted of homicide offenses. *Miller,* 567 U.S. at 489. On June 25, 2013, Contreras

4

filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging that he was being held in state custody in violation of his Eighth Amendment rights under *Miller*. The district court initially denied his petition, and this court affirmed in 2015. Then, the U.S. Supreme Court announced in *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016), that *Miller* had articulated a substantive rule that could be applied retroactively on collateral review. *Id.* at 732. The Court granted Contreras's petition for writ of certiorari and vacated his judgment, remanding for reconsideration in light of *Montgomery*.

On remand, the district court granted Contreras's petition for writ of habeas corpus, concluding that Contreras's sentences, "while technically in compliance with the mandates of *Miller* and *Graham*, still subject juveniles to life behind bars." *Contreras v. Davis*, 229 F. Supp. 3d 475, 481 (E.D. Va. 2017). Thus, it found Contreras's sentence "irreconcilable with the mandates of *Graham* and *Miller*" because seventy-seven years in prison constituted a "de facto" life sentence for a fifteen-year-old. *Id.* at 482. The court also noted that "[e]ven assuming, arguendo, that Petitioner's sentence is constitutional, the Court remains concerned with the validity of Petitioner's guilty plea," which the court worried was made under threat of a now-unconstitutional punishment and therefore was rendered involuntary. *Id.* The district court remanded to state court for resentencing. The Respondent appealed. Contreras moved the district court to amend its judgment under Rule 52(b) of the Federal Rules of Civil Procedure to remand instead for a new trial, and the Respondent moved for a stay pending this appeal. The district court denied Contreras's Rule 52(b) motion and granted the requested stay pending appeal.

5

## II.

We conclude that Contreras's claims are not cognizable under *Miller* because he is not subject to a mandatory life sentence without parole. Furthermore, following *Dingle v. Stevenson*, 840 F.3d 171 (4th Cir. 2016), even if Contreras pleaded guilty to avoid a now-unconstitutional sentence of mandatory life imprisonment without the possibility of parole, *Miller* does not render his guilty plea unconstitutional. Because we find no constitutional defect in Contreras's sentence, we vacate the district court's judgment and remand with instructions to reinstate Contreras's original sentence.

First, Contreras's sentence for the murder of David Semko is not the mandatory life sentence contemplated by *Miller.* Virginia does not impose mandatory life-without-parole sentences, even for capital murder. *Jones v. Commonwealth*, 795 S.E.2d 705, 711–12 (Va. 2017). Furthermore, "[i]n Virginia . . . a criminal defendant has a statutorily provided opportunity to present mitigation evidence at his sentencing hearing." *Id.* at 713. As this court has noted, *Miller* only prohibits *mandatory* life-without-parole sentences, while "leav[ing] open the possibility that a juvenile who committed homicide can be sentenced to life without parole so long as the sentence is not mandatory but is imposed through an individualized procedure." *In re Vassell*, 751 F.3d 267, 270 (4th Cir. 2014). Here, Contreras received an individualized sentence after five witnesses presented mitigating evidence on his youth, lessened culpability, and capacity for change. Thus, even if Contreras's thirty-five-year sentence for murder--or his total sentence of seventy-seven years for his combined crimes--could constitute a "de facto" life sentence (which we do not decide here), Contreras received an individualized sentence after consideration

6

of mitigating evidence about his youth and ability to be rehabilitated, which is all that is constitutionally required under *Miller*.

Second, even though Contreras's sentence is long, he may be released under Virginia's geriatric release program and thus has a meaningful opportunity to receive parole. In *Angel v. Commonwealth*, 704 S.E.2d 386 (Va. 2011), the Virginia Supreme Court held that Virginia's program allowing conditional release of geriatric prisoners pursuant to Va. Code Ann. § 53.1-40.01 provided "juvenile offenders an opportunity for release based on maturity and rehabilitation," which satisfied the requirements of the Eighth Amendment and *Graham*. *Id.* at 402. In *LeBlanc v. Mathena*, 841 F.3d 256 (4th Cir. 2016), this court disagreed with the Virginia Supreme Court, concluding that the Supreme Court of Virginia had applied *Graham* unreasonably. However, the Supreme Court reversed this court in *Virginia v. LeBlanc*, 137 S. Ct. 1726 (2017), and held that the Virginia Supreme Court's holding in *Angel* was not unreasonable. *Id.* at 1728–29. Thus, we are compelled to accept the Virginia Supreme Court's conclusions that the state's geriatric release program satisfies the requirements of the Eighth Amendment. Here, Contreras may apply for geriatric release at the age of sixty, and his application will be considered under "normal parole factors" to determine whether conditional release is warranted in light of his "demonstrated maturity and rehabilitation." *See id.* at 1729 (quoting *Graham*, 560 U.S. at 75). Contreras presents no basis on which to find that this program, which was held to provide a meaningful opportunity to obtain parole under *Graham*, would not also satisfy the requirements of *Miller*.

7

Finally, *Miller*'s holding does not render Contreras's plea involuntary. In *Dingle*, a juvenile pleaded guilty to murder and other crimes in order to avoid the state's threat that it would seek the death penalty. *Dingle*, 840 F.3d at 172. This court held that *Roper v. Simmons*, 543 U.S. 551 (2005), which invalidated the death penalty for juvenile offenders, did not apply retroactively to undo the *Dingle* defendant's guilty plea. *Id.* at 175–76. Applying *Dingle*'s reasoning, we must conclude that that *Miller* similarly cannot render involuntary a guilty plea made in order to avoid the threat of a mandatory life sentence without possibility of parole. Thus, Contreras's challenge to the voluntariness of his guilty plea must fail.

III.

For these reasons, we conclude that Contreras's sentence does not violate his constitutional rights, and thus we vacate the decision of the district court and remand with instructions to dismiss Contreras's petition. We also grant the government's motion to file an addendum.

*VACATED AND REMANDED*