NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

STATE OF FLORIDA,      )
           )
    Appellant,    )
           )
v.           )    Case No. 2D18-261
           )
RONNIE DEAN LAWRENCE,    )
           )
    Appellee.    )
_____)

Opinion filed January 23, 2019.

Appeal from the Circuit Court for Pinellas
County; Nancy Moate Ley, Judge.

Ashley Brooke Moody, Attorney General,
Tallahassee, and Kiersten E. Jensen,
Assistant Attorney General, Tampa,
for Appellant.

Howard L. Dimmig, II, Public Defender,
and Maureen E. Surber, Assistant Public
Defender, Bartow, for Appellee.


SILBERMAN, Judge.

The State seeks review of an order summarily granting a motion for

postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. The

postconviction court determined that Ronnie Dean Lawrence is entitled to resentencing

because his sentence of life in prison with the possibility of parole for a murder he

committed as a juvenile is unconstitutional under Atwell v. State, 197 So. 3d 1040 (Fla. 2016).  Since the parties filed their briefs, the Florida Supreme Court has concluded that Atwell was wrongly decided.  See Franklin v. State, 43 Fla. L. Weekly S556, S556 (Fla. Nov. 8, 2018), reh'g denied, No. SC14-1442 (Fla. Dec. 4, 2018).  Accordingly, we reverse.

The supreme court's decision in Atwell arises out of United States Supreme Court precedent addressing the constitutionality of life sentences for juvenile offenders.  In Graham v. Florida, 560 U.S. 48, 75 (2010), the Supreme Court held that it is a violation of the Eighth Amendment to sentence a juvenile to life without parole for a nonhomicide offense because juveniles are entitled to a "meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation."  In Miller v. Alabama, 567 U.S. 460, 479 (2012), the Supreme Court extended its reasoning in Graham to conclude that it is unconstitutional to impose a mandatory sentence of life without parole on a juvenile for a homicide offense.

In Atwell, the Florida Supreme Court relied on Graham and Miller to hold that a juvenile homicide offender's sentence of mandatory life in prison with the possibility of parole was unconstitutional because Florida's parole system does not provide for the individualized consideration of a juvenile's status.  197 So. 3d at 1048-50.  In the meantime, the United States Supreme Court held that it was not unreasonable for a Virginia court to conclude that Virginia's substitute for parole satisfies the dictates of Graham.  Virginia v. LeBlanc, 137 S. Ct. 1726, 1729 (2017).  A plurality of the Florida Supreme Court has since determined that Florida's parole system provides comparable consideration of a juvenile's status to that of Virginia and relied on

LeBlanc to conclude that Atwell was wrongly decided.  State v. Michel, 43 Fla. L. Weekly S298, S299 (Fla. July 12, 2018).  And in Franklin, a majority of the supreme court recently reaffirmed this holding.  43 Fla. L. Weekly at S556.

In this case, the postconviction court determined that Lawrence is entitled to resentencing because his sentence of life in prison with the possibility of parole is unconstitutional under Atwell.  Because the supreme court has since concluded that Atwell was wrongly decided, we must reverse.  As explained in Franklin, Lawrence's sentence of life with the possibility of parole for a murder he committed as a juvenile is constitutional under Miller and Graham.  43 Fla. L. Weekly at S557.  The order granting Lawrence's motion for postconviction relief is therefore reversed.

Reversed.


VILLANTI and BLACK, JJ., Concur.