NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 21 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EDWARDO VINCENT OLGUIN,<br><br>               Petitioner-Appellant,<br><br>  v.<br><br>BRIAN KIBLER, Warden, HDSP,<br><br>               Respondent-Appellee. | No.   21-16953<br><br>D.C. No.<br>2:21-cv-00368-JAM-EFB<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Argued and Submitted February 15, 2024
San Francisco, California

Before: MILLER, BADE, and VANDYKE, Circuit Judges.

In 2017, following a jury trial in California state court, Edwardo Olguin was convicted on eight counts of committing a lewd or lascivious act on a child in violation of California Penal Code § 288. He was sentenced to an indeterminate prison term of 100 years to life, plus a consecutive term of 22 years and 8 months. The California Court of Appeal remanded for the narrow purpose of allowing the

_____

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

trial court to exercise its discretion in determining whether to strike a prior serious felony conviction for purposes of imposing certain sentencing enhancements, and otherwise affirmed. Olguin then filed a petition for a writ of habeas corpus in federal district court. The district court denied the petition, and Olguin appeals. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), and we affirm.

We review the district court's judgment de novo. *Panah v. Chappell*, 935 F.3d 657, 663 (9th Cir. 2019). Federal habeas review of a state-court conviction is limited by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214. Under AEDPA, when a claim has been "adjudicated on the merits in State court proceedings," a federal court may grant relief only if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

AEDPA prescribes a "highly deferential standard for evaluating state-court rulings," *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997), requiring a petitioner to "show far more than that the state court's decision was 'merely wrong' or 'even clear error,'" *Shinn v. Kayer*, 592 U.S. 111, 118 (2020) (per curiam) (quoting *Virginia v. LeBlanc*, 582 U.S. 91, 94 (2017) (per curiam)). To obtain relief, a

2

petitioner "must show that the state court's decision [was] so obviously wrong that its error lies 'beyond any possibility for fairminded disagreement.'" *Id.* (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)); *see Gibbs v. Covello*, 996 F.3d 596, 603 (9th Cir. 2021).

Olguin argues that the state court unreasonably determined that, although he established that his trial counsel's performance was deficient, it was not prejudicial under *Strickland v. Washington*. 466 U.S. 668 (1984). *See id.* at 694 (holding that, to establish prejudice, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different"). The state court agreed with Olguin that counsel was deficient in failing to object to prosecution testimony that improperly vouched for the victim's credibility. But the court concluded that Olguin could not establish prejudice because "the case against [Olguin], independent of the challenged testimony, was very strong." In particular, the court stated that "[t]he victim's testimony recounting the abuse she endured at the hands of defendant was both internally consistent and consistent with her prior statements disclosing the abuse." It also observed that the victim had confided in several friends and relatives who "each testified to the emotion the victim displayed when talking about the abuse," and that the abuse the victim described was similar to Olguin's prior offenses against young girls. The court concluded that "there is no reasonable probability of

3

an outcome more favorable to defendant had his trial counsel objected to the improper testimony," and therefore Olguin did not suffer prejudice under *Strickland*.

Olguin argues that the state court's prejudice analysis was unreasonable, but he does not point to any Supreme Court case law bearing on his arguments with enough specificity to "squarely address[] the issue." *Wright v. Van Patten*, 552 U.S. 120, 125–26 (2008) (per curiam). Instead, Olguin is left with only *Strickland* itself. Although *Strickland* constitutes clearly established federal law for the purposes of AEDPA, *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011), it sets forth only a general standard, leaving state courts with significant "leeway . . . in reaching outcomes in case-by-case determinations," *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004).

We cannot say that the California Court of Appeal unreasonably conducted its case-specific assessment of the effect of Olguin's counsel's deficient performance. Olguin emphasizes that the victim's account of her abuse was not entirely consistent, but the state court acknowledged that the victim did not disclose all the details of the abuse in her initial interview. As the court observed, however, the properly admitted testimony of a prosecution expert explained that delayed disclosure is "not uncommon among children who have suffered sexual abuse." Olguin also objects to the state court's reliance on the victim's display of

4

emotion, but a witness's "demeanor while testifying" may appropriately be considered in evaluating credibility. *See* Cal. Evid. Code § 780(a). As to Olguin's prior offenses, Olguin highlights differences between those offenses and the offense at issue here, but the state court could reasonably give greater weight to the relevant similarities. In sum, Olguin has not come close to "show[ing] that the state court's decision [was] so obviously wrong that its error lies 'beyond any possibility for fairminded disagreement.'" *Shinn*, 592 U.S. at 118 (quoting *Harrington*, 562 U.S. at 103).

**AFFIRMED.**