FILED
United States Court of Appeals
Tenth Circuit

November 7, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ANTOINE DARNELL LESLIE,

Petitioner - Appellant,

v.

JASON BRYANT, Warden,

Respondent - Appellee.

No. 18-6097
(D.C. No. 5:17-CV-01159-HE)
(W.D. Okla.)

_____

**ORDER DENYING A CERTIFICATE OF APPEALABILITY**[*]
_____

Before **LUCERO**, **KELLY**, and **PHILLIPS**, Circuit Judges.
_____

Antoine Darnell Leslie, an Oklahoma prisoner proceeding pro se, seeks a

certificate of appealability (COA) to appeal from the district court's denial of his

28 U.S.C. § 2254 habeas application challenging his drug-trafficking conviction. We

deny a COA and dismiss this matter.

**I. BACKGROUND**

While Leslie was driving on Interstate 40 through Oklahoma in September

2013, a state narcotics agent conducted a traffic stop and became suspicious that he

was transporting drugs. A drug dog alerted to Leslie's car, and agents found twelve

_____

[*] This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

packages of cocaine hidden under the back seat. After a jury found him guilty of aggravated trafficking in illegal drugs, in violation of Okla. Stat. tit. 63, § 2-415(C)(2)(c), the state trial court sentenced him to 35 years' imprisonment. The Oklahoma Court of Criminal Appeals (OCCA) affirmed. Leslie's state post-conviction proceedings also were unsuccessful.

Leslie's federal habeas application raised five claims: (1) the trial court should have suppressed the cocaine because the agent unreasonably extended the traffic stop, in violation of the Fourth Amendment; (2) trial counsel was ineffective in failing to preserve the suppression issue and in failing to call Leslie to testify at the trial court's suppression hearing; (3) appellate counsel was ineffective in conceding the legality of the stop; (4) the state failed to prove all elements beyond a reasonable doubt; and (5) the prosecutor made improper comments at closing that deprived Leslie of a fair trial. The magistrate judge recommended that all the claims be denied: the first claim under *Stone v. Powell*, 428 U.S. 465, 494 (1976); the third claim on the merits, under the deferential standards of § 2254(d); and the second, fourth, and fifth claims as procedurally barred by having been defaulted in state court. Leslie timely objected. The district court ultimately accepted the magistrate judge's recommendations, denied the § 2254 application, and denied a COA.

## II. ANALYSIS

To appeal, Leslie must obtain a COA, which requires making "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). That demonstration "includes showing that reasonable jurists could debate whether (or, for

2

that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). For claims denied on the merits, Leslie "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* But for claims denied on procedural grounds, Leslie must show not only that reasonable jurists could debate "whether the petition states a valid claim of the denial of a constitutional right," but also that reasonable jurists could debate "whether the district court was correct in its procedural ruling." *Id.*

## A.     First Claim – Fourth Amendment Violations

Leslie's first claim alleged Fourth Amendment violations with regard to the traffic stop. When Leslie challenged the stop in the state trial court, it held a hearing before declining to suppress the cocaine. Leslie then further challenged the stop before the OCCA, which upheld the stop. The federal district court held the claim was precluded by *Stone*, which bars federal habeas claims concerning Fourth Amendment violations so long as "the State has provided an opportunity for full and fair litigation" of the claim. 428 U.S. at 494. The district court rejected Leslie's assertions that the state courts' handling of the claim was not "full and fair" because the courts should have suppressed the cocaine.

Leslie was able to argue his Fourth Amendment claims both before the trial court and before the OCCA, and the state courts considered his challenges under the appropriate law. Thus, he had a full and fair opportunity to litigate his claims.

3

*See Matthews v. Workman*, 577 F.3d 1175, 1194 (10th Cir. 2009); *Smallwood v. Gibson*, 191 F.3d 1257, 1265 (10th Cir. 1999); *Gamble v. Oklahoma*, 583 F.2d 1161, 1165 (10th Cir. 1978). Before this court, Leslie reiterates that the state court proceedings do not satisfy *Stone* because they were incorrectly decided. But the opportunity for full and fair litigation is not defeated merely because a party would have preferred a different outcome. *See Matthews*, 577 F.3d at 1194 ("Mr. Matthews argues that Oklahoma misapplied Fourth Amendment doctrine in reaching these conclusions, but that is not the question before us. The question is whether he had a full and fair opportunity to present his Fourth Amendment claims in state court; he undoubtedly did."). Because no reasonable jurist could debate the district court's application of *Stone* to this claim, we deny a COA.

## B.     Third Claim – Ineffective Assistance of Appellate Counsel

### 1.     Habeas Standards

Because the state courts addressed the merits of Leslie's claim that his appellate counsel was ineffective, the federal courts review the claim under § 2254(d). *Cullen v. Pinholster*, 563 U.S. 170, 187 (2011). That section precludes habeas relief unless the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

4

Under § 2254(d)(1), a state-court decision is contrary to Supreme Court precedent "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). And a state court unreasonably applies Supreme Court precedent if it "identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. "[A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Id.* at 410. Thus, "for a state court's decision to be an unreasonable application of [the] Court's case law, the ruling must be objectively unreasonable, not merely wrong; even clear error will not suffice." *Virginia v. LeBlanc*, 137 S. Ct. 1726, 1728 (2017) (per curiam) (internal quotation marks omitted).

As for § 2254(d)(2), "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290, 301 (2010). "Instead, § 2254(d)(2) requires that we accord the state trial court substantial deference. If reasonable minds reviewing the record might disagree about the finding in question, on habeas review that does not suffice to supersede the trial court's determination." *Brumfield v. Cain*, 135 S. Ct. 2269, 2277 (2015) (brackets, ellipses, and internal quotation marks omitted).

5

## 2. Substantive Legal Standards

For ineffective-assistance claims, the clearly established federal law is *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a defendant must demonstrate both that counsel's performance fell below an objective standard of reasonableness and that counsel's deficient performance resulted in prejudice to his defense. *Id.* at 687. To overcome the strong presumption that counsel's performance was reasonable, the defendant must show that the alleged error was not sound strategy under the circumstances. *Id.* at 689. And under the prejudice prong, the defendant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

## 3. Analysis

Where the state court has ruled on the merits of an ineffective-assistance claim, "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland*'s standard." *Harrington v. Richter*, 562 U.S. 86, 101 (2011). "[A] state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103.

6

Leslie asserts that appellate counsel was constitutionally ineffective for conceding the initial validity of the stop under Oklahoma precedent that post-dated Leslie's suppression hearing. As the district court noted, under the circumstances, it would not have been a viable strategy for counsel to continue to contest the initial validity of the stop. Citing *Logan v. State*, 293 P.3d 969, 973 (Okla. Crim. App. 2013), which itself cited *Strickland*, the OCCA held that Leslie had failed to show deficient performance or prejudice. We cannot conclude that any reasonable jurist could debate whether the OCCA's ruling was so lacking in justification that Leslie would qualify for relief under § 2254(d)(1). Likewise, no reasonable jurist could debate whether the OCCA unreasonably determined the facts in light of the record, so that Leslie would qualify for relief under § 2254(d)(2). We therefore deny a COA on Leslie's claim of ineffective assistance of appellate counsel.

## C.    Remaining Claims

Leslie raised his second, fourth, and fifth claims in his state post-conviction proceeding rather than in his direct appeal. The OCCA considered the claims to be waived because they could have been raised in the direct appeal but were not. Thus, the federal district court held these claims were defaulted in state court. It further held that the claims were procedurally barred on federal habeas review because Leslie had failed to establish cause and prejudice to excuse the default. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Leslie did not address cause and prejudice until his objections to the report and recommendation, when he argued for the first time that cause was established by his appellate counsel's performance. The district

7

court held that "[b]y not raising [an] independent ineffectiveness claim [regarding counsel's failure to raise the claim in the direct appeal] and not even mentioning its utility as cause and prejudice until his objection, petitioner has waived these arguments." R., Vol. I at 235.

It is well-settled that "[i]n this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived." *United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001). Before this court, Leslie again argues that ineffective assistance of appellate counsel was cause for the default. But he fails to address the district court's determination that he waived his "cause and prejudice" argument by not timely raising it. And that failure itself results in a waiver on appeal of any challenge to the district court's finding of waiver. *See COPE v. Kan. State Bd. of Educ.*, 821 F.3d 1215, 1223 (10th Cir. 2016) ("Appellants do not raise this argument in their opening brief, and so it is waived."). With Leslie having failed to challenge the district court's finding of waiver regarding cause and prejudice, no reasonable jurist could debate the denial of relief on these claims. Accordingly, we deny a COA.

**D.      District Court's Fee Orders**

In orders dated May 30, 2018, and June 15, 2018, the district court granted Leslie leave to proceed without prepayment of fees and costs (IFP), *see* 28 U.S.C. § 1915(a)(1), and ordered partial payment of fees in installments until the total filing fees were paid, *see id.* § 1915(b). Section 1915(b), however, does not apply to § 2254 actions or appeals therefrom. *See United States v. Simmonds*, 111 F.3d 737,

8

744 (10th Cir. 1997), *overruled on other grounds*, *United States v. Hurst*, 322 F.3d 1256, 1261 n.4 (10th Cir. 2003). Accordingly, while the grant of IFP status stands, we vacate those portions of the May 30, 2018, and June 28, 2018, orders assessing partial payment of fees.[1] Notwithstanding this directive, Leslie is reminded that § 1915(a)(1) excuses only *prepayment* of fees; he remains liable to pay the full amount of the appellate filing and docketing fees.

### III.  CONCLUSION

Those portions of the district court's May 30, 2018, and June 15, 2018, orders assessing partial payment of fees are vacated. A COA is denied, and this matter is dismissed.

Entered for the Court

Gregory A. Phillips
Circuit Judge

---

[1] We do not decide the fate of the payments made to the district court to date.